UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MENDEL ZILBERBERG, and<br>ARON FRIED,<br><br>*Defendants.* | Protective Order<br><br>19 Cr. 802 |



Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. These materials include, but are not limited to, materials sought from the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as a receiver and otherwise.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**ACCORDINGLY IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.  Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any conviction and sentence in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

9.  The FDIC is excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012), and the FDIC is authorized to release the documents requested in response to subpoenas issued in connection with this matter.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order.

3

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _Kimberly J. Ravener_ Date: 1/29/2020

Kimberly J. Ravener / Sagar K. Ravi
Assistant United States Attorneys

_[signature]_ Date: 1/29/60

Benjamin Brafman, Esq.
Jacob Kaplan, Esq.
Counsel for MENDEL ZILBERBERG

_[signature]_ Date: 1-29-20

Isabelle Kirshner, Esq.
Counsel for ARON FRIED

SO ORDERED:

Dated: New York, New York
January ___, 2020

JAN 3 0 2020

_George B. Daniels_

THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4